UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:16-cv-00871

| | |
|---|---|
| SHANNA MARIE ETHERIDGE, INDIVIDUALLY,<br><br>        Plaintiff<br><br>    v.<br><br>TOWN OF SHARPSBURG, AND MICHELLE COBB,<br><br>        Defendants. | **COMPLAINT FOR DAMAGES FOR:**<br><br>1) EMPLOYMENT DISCRIMINATION: RACE<br>   (*42 U.S.C. § 2000e, et.seq.*)<br>2) EMPLOYMENT DISCRIMINATION: SEX (SEXUAL HARASSMENT) (*42 U.S.C. § 2000e, et.seq.*)<br>3) DISCRIMINATORY HARASSMENT(*42 U.S.C. § 2000e, et.seq.*)<br>4) CONSTITUTIONAL VIOLATION: FREEDOM OF ASSOCIATION<br>5) WRONGFUL DISCHARGE (RETALIATION)<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

In this action, Plaintiff Shanna Marie Etheridge alleges unlawful race (color) discrimination, sex (including sexual harassment), discriminatory harassment and wrongful termination/retaliation in employment and infringement of Constitutional rights of freedom of association, against Defendants Town of Sharpsburg and Michelle Cobb, as set out herein:

# JURISDICTION AND VENUE

## JURISDICTION

This Court has jurisdiction because the subject matter arises under §706 of Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. 2000e, et seq., thereby presenting a federal question, and 28 U.S.C. §2201 and 2202 (Declaratory Relief power).

## VENUE

Venue is proper in the Eastern District of the United States District Court because some or all of the actions complained of by Plaintiff occurred in the County of Nash, Town of Sharpsburg, and State of North Carolina, and Plaintiff is domiciled in Edgecombe County, City of Tarboro.

# THE PARTIES

## A. PLAINTIFFS

1. Plaintiff, SHANNA MARIE ETHERIDGE (hereinafter called "Etheridge"), is now, and at all times material herein was, a resident of the State of North Carolina, City of Tarboro, County of Edgecombe, and a former employee of Defendant, Town of Sharpsburg.

## B. DEFENDANT(S)

2. TOWN OF SHARPSBURG (hereinafter called "Sharpsburg" or "Defendant"), upon information and belief, is or was at times material to the matters herein, a public township within the state of North Carolina, located in the County of Nash, State of North Carolina.

3. MICHELLE COBB, (hereinafter called "Cobb" or "Defendant"), is or was at times material to the matters herein Town Manager for the Town of Sharpsburg, and, upon information and belief, a resident of the county of Nash.

4. Upon information and belief, Defendants have insured themselves against liability for the state tort claims alleged herein and thereby waived their sovereign immunity or otherwise have consented to be sued.

## FACTS COMMON TO ALL CLAIMS

1. Plaintiff, a Caucasian female, was hired by Defendant Town of Sharpsburg as a part-time Administrative Assistant within the Police Department, at the hourly rate of sixteen dollars ($16), on or about May 28, 2015.

2. Plaintiff was interviewed and hired by Defendant's Police Chief, an African American male.

3. At the time of Plaintiff's hire, the Town Manager Michelle Cobb, also African American, urged the Police Chief to hire an African American to fill the vacant position within the Police Department.

4. The Police Chief resisted Cobb's insistence that he hire an African American and not a Caucasian to fill his vacancy, telling Cobb that he felt compelled to hire the best qualified candidate who, in this case, happened to be the Plaintiff.

5. After hire, Plaintiff regularly worked 20 to 30 hours a week.

6. Shortly after Plaintiff was hired and started to work for Defendant, Cobb began to harass her as though she was the wife or jealous girlfriend of the Police Chief.

7. Cobb regularly harassed Plaintiff with inquiries like: "are you sleeping with the

Chief…", "are you sleeping with him…", "are you having a relationship with him…", "have you gone out with him…", "have you been over to his place…", "you know you are not suppose to be sleeping with him…", "nobody is suppose to be sleeping with their secretary…", "were you friends before he hired you…", and other harassing comments, about every day that Plaintiff worked.

8. Plaintiff did not know Defendant's Police Chief before applying for the Administrative Assistant job, and Plaintiff never had anything more than a workplace relationship (employee/supervisor) with the Chief.

9. Ongoing and throughout Plaintiff's employment, Cobb insisted that a sexual and/or social relationship existed between the Police Chief and Plaintiff, and Cobb would angrily tell Plaintiff, "I don't believe you…" and/or "you're a liar", each time that Plaintiff denied the existence of such a relationship.

10. Upon information and belief, Cobb regularly returned to the Police Chief insisting that he fire Plaintiff, telling him that he should never have hired a "white woman".

11. Between the date of her hire (in May, 2015) and September, Cobb harassed the Police Chief in an effort to have him get rid of Plaintiff and hire an African American to replace her, but the Police Chief refused, noting that Plaintiff's work performance was excellent.

12. Upon information and belief, when the Police Chief refused to adhere to Cobb's unyielding demands that he terminate Plaintiff's employment, Cobb told the Chief that she "would take care.." of the Plaintiff.

13. Immediately after making this threat of unspecified adverse employment actions against Plaintiff, Cobb took the unilateral action of reducing Plaintiff's pay by twenty-five percent (25%, or $4/hour).

14. The Police Chief told Cobb that her actions were wrong and probably unlawful, because there was no reason for reducing the pay when it was approved before the hire.

15. Cobb told the Police Chief that the position was Part-time and that she (Cobb) could do whatever she wanted, including eliminating it if she wanted.

16. Plaintiff was shocked and terribly injured by the pay reduction, but, needing the money, she did not quit.

17. When Plaintiff refused to quit despite the severe pay cut, and after Cobb failed to be successful in having the Police Chief terminate Plaintiff, on October 14, Cobb, in her position as Town Manager, terminated Plaintiff's employment.

18. Upon information and belief, Defendant replaced Plaintiff with an African American female.

19. Before commencing this action, Plaintiff administratively exhausted her rights by the timely filing of a charge of discrimination, harassment and retaliation with the EEOC, and obtained a "right-to-sue" and within 90 days of receipt of the right-to-sue from the EEOC, Plaintiff filed this Civil Complaint.

## FIRST CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION - RACE (42 USC §2000e et seq.), AGAINST DEFENDANT TOWN OF SHARPSBURG

20. Plaintiff incorporates the allegations of paragraphs 1 through 19 above, to apply here.

21. Upon information and belief, Defendant, materially motivated by race considerations and having nothing to do with legitimate job performance, undertook to prevent the hiring of Plaintiff and later implemented adverse employment actions against Plaintiff, including harassing her, reducing her pay, and terminating her employment.

22. Defendants, through Cobb, harassed Plaintiff and others about her race, and urged others (Police Chief) to take adverse employment actions against Plaintiff because of her race.

23. Defendants' actions as set forth above, including the incorporated actions of attempting to prevent Plaintiff's employment because of her race, reducing her rate of pay, and terminating her, in significant part, because of her race, constitute unlawful race discrimination in violation of 42 USC § 2000e et.seq.

24. Defendants' actions have caused, and continue to cause, Plaintiff severe and extreme losses, injury and harm, for which Plaintiff seeks damages for economic (monetary) losses, non-economic injuries, damages, losses and harm, including damages for severe mental and emotional distress, compensatory and consequential damages, and all other damages recoverable under this claim.

25. Plaintiff further seeks the recovery of attorney fees and costs, to the full extent allowed by law.

## SECOND CAUSE OF ACTION: SEX (SEXUAL HARASSMENT) DISCRIMINATION (42 USC §2000e et seq.) AGAINST ALL DEFENDANTS

26. Plaintiff incorporates the allegations of paragraphs 1 through19 above, to apply here.

27. Defendants, through the actions of Cobb, constantly harassed Plaintiff about her sexual life and relationship with the Police Chief, and Cobb constantly asserted her belief and perception that a romantic, sexual and social relationship existed between the Police Chief and Plaintiff.

28. Defendants, through Cobb, harassed Plaintiff about her sex life inside and outside of work.

29. Defendant's actions as set forth above, including the incorporated actions, constitute unlawful sex (sexual harassment) discrimination in violation of 42 U.S.C. §2000 e, et seq..

30. Defendants' actions have caused, and continue to cause, Plaintiff severe and extreme losses, injury and harm, for which Plaintiff seeks damages for economic (monetary) losses, non-economic injuries, damages, losses and harm, including damages for severe mental and emotional distress, compensatory and consequential damages, and all other damages recoverable under this claim.

31. Plaintiff further seeks the recovery of attorney fees and costs, to the full extent allowed by law.

### THIRD CAUSE OF ACTION: DISCRIMINATORY HARASSMENT
### (42 U.S.C. §2000e, et seq.)
### AGAINST ALL DEFENDANTS

32. Plaintiffs incorporate the allegations of paragraphs 1 through 29 of the above alleged facts to apply here.

33. Defendants, through Cobb, regularly harassed Plaintiff about her associations, her sexual partners, her social activities away from work, her sexual partners, her work-time, her work hours, because of her race and because of Cobb's perception that a romantic relationship existed between Plaintiff and the Police Chief, whom Cobb seemed to desire.

34. Cobb unduly harassed Plaintiff with false claims about her work hours, claiming Plaintiff was not truthful, falsely claiming that Plaintiff was not accurately recording her work time, harassing and picking on Plaintiff in meetings, prying into Plaintiff's private life and other activities, unduly interrupting Plaintiff's work environment, that all negatively impacted Plaintiff's ability to work without undue stress of attacks in one form or another.

35. Cobb's actions have caused, and continue to cause, Plaintiff severe and extreme losses, injury and harm, for which Plaintiff seeks recovery of damages for economic (monetary) losses, non-economic injuries, damages, losses and harm, including damages for severe mental and emotional distress, compensatory and consequential damages, and all other damages recoverable under this claim, against all Defendants.

36. The actions and conduct engaged in by Defendants which constitute Discriminatory Harassment and other unlawful actions, and Cobb's actions were willful and intentional, warranting punitive actions against her alone.

37. Plaintiff seeks the recovery of punitive damages against Defendant Cobb, only, on this cause of action, to deter her engagement in such actions and conduct in the future.

38. Plaintiff further seeks the recovery of attorney fees and costs, to the full extent allowed by law.

## FOURTH CAUSE OF ACTION: VIOLATION OF CONSTITUTIONAL RIGHT OF FREEDOM OF ASSOCIATION AGAINST DEFENDANT TOWN OF SHARPSBURG

39. Plaintiff incorporates the allegations of paragraphs 1 through 38 above, to apply here.

40. Defendant, through the actions of Cobb, interfered with Plaintiff's First Amendment Right to Freedom of Association.

41. Defendant's actions as set forth above, including the incorporated actions of undertaking to control Plaintiff's sexual associations and relationships inside and outside of work-time, constitute a violation of Plaintiff's Constitutional Rights under the First Amendment.

42. Defendant's actions have caused, and continue to cause, Plaintiff severe and extreme losses, injury and harm, for which Plaintiff seeks damages for economic (monetary)

losses, non-economic injuries, damages, losses and harm, including damages for severe mental and emotional distress, compensatory and consequential damages, and all other damages recoverable under this claim.

43. Plaintiff further seeks the recovery of attorney fees and costs, to the full extent allowed by law.

## FIFTH CAUSE OF ACTION: WRONGFUL TERMINATION (RETALIATION) AGAINST DEFENDANT TOWN OF SHARPSBURG

44. Plaintiff hereby incorporates Paragraphs 1 through 19, inclusive, in support of this claim.

45. Defendants, through Cobb, discriminated against Plaintiff because of her race, and regularly harassed Plaintiff about sexual relationships (sexual harassment), and repeatedly voiced her perception that Plaintiff was having sexual and/or close social relationship with the Police Chief at and/or away from work.

46, Defendant, through Cobb, tried but failed to prevent Plaintiff's hire and, when that failed, tried to force Plaintiff to quit.

47. Plaintiff opposed the discrimination against her by toughing it out and refusing to quit, since she had no one internally to whom she could complain.

48, In retaliation for Plaintiff's hire (when Cobb opposed it on the grounds of race) and Plaintiff's refusal to quit, Defendant, through Cobb, reduced Plaintiff's hourly rate of pay and later terminated her employment.

49. Defendant's actions of retaliating against Plaintiff were in violation of 42 U.S.C. §2000e et seq..

50. Defendant's actions of retaliating against Plaintiff have caused, and continue to cause, Plaintiff severe and extreme losses, injury and harm, for which Plaintiff seeks damages for

economic (monetary) losses, non-economic injuries, damages, losses and harm, including damages for severe mental and emotional distress, compensatory and consequential damages, and all other damages recoverable under this claim.

51. Plaintiff further seeks the recovery of attorney fees and costs, to the full extent allowed by law.

## PRAYER

**WHEREFORE,** Plaintiffs pray for judgment on all counts as follows:

1. For a judgment declaring that the acts and practices of Defendants, complained of herein, are in violation of the law of Federal Laws, and that Defendants shall cease and desist from continued engagement in this unlawful conduct, reinstate Plaintiff and restore all rights and benefits to which Plaintiff is entitled.

2. For permanent injunctive relief rescinding all retaliatory actions against Plaintiff, and enjoining Defendants, their agents, assistants, successors, employees, attorneys, assigns and all those acting in concert or cooperation with Defendant Cobb and/or Defendant Town of Sharpsburg, or at their direction, from further engaging in the acts and practices which retaliate against and/or injure Plaintiff and or other employees, for engagement in protected activities.

3. For economic damages according to proof, together with lawful interest.

4. For non- economic damages for severe and enduring mental and emotional distress, injury to career, character and reputation and other harm, according to proof, together with lawful interest.

5. For attorney's fees pursuant to 42 U.S.C. Sec. §2000e, et seq., Title VII, (Civil Rights Act of 1964) and other applicable laws.

6. Any and all other remedies the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial on all claims set out in her Civil Complaint.

Respectfully submitted, this 25th day of October, 2016.

>/s/ Alvin L. Pittman
Alvin L. Pittman
NC State Bar No. 8460
E-Mail:  office@apittman-law.com
LAW OFFICES OF ALVIN L. PITTMAN
9841 Airport Boulevard, Suite 412
Los Angeles, CA 90045
Telephone:  (310) 337-3077
Facsimile:  (310) 337-3080
ATTORNEY FOR PLAINTIFF
SHANNA MARIE ETHERIDGE